IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

MICHELLE POPIEL  and                          :
JANIE S. MANNING,                             :
                                              :
            Plaintiffs,                       :
                                              :
                                              :          CASE NO:
      v.                                      :          6:04-cv-54–WLS
                                              :
                                              :
COMMONWEALTH  LAND  TITLE                      :
INSURANCE COMPANY,                            :
                                              :
            Defendant.                        :
                                              :
_____

## ORDER

Before the Court is Plaintiffs' "Demand Relief from Judgment Pursuant to Rule 60(b), But Not Limited To" (Doc. 55) ("Motion for Relief") filed May 7, 2025. Therein, Plaintiffs Michelle Popiel[1] ("Ms. Popiel") and Janie S. Manning ("Ms. Manning" and together with Ms. Popiel, "Plaintiffs") seek relief from this Court's Order (Doc. 46) ("Final Order") entered September 29, 2006, granting summary judgment to Defendant Commonwealth Land Title Insurance Company ("Commonwealth"). For the reasons discussed below, the Motion for Relief is **DENIED**.

## I.    BRIEF BACKGROUND

The background of this case is set out in detail in the Final Order, and to the extent relevant, is briefly repeated here for purposes of the Motion for Relief. Sometime after 1974, Ms. Manning and her husband, Michael Manning, jointly purchased real property located at 155 Lake Forest Drive, Athens, Clarke County, Georgia ("Property"). (Doc. 46 at 1). They each took title to an undivided one-half interest in the Property. (*Id.*) By quitclaim deed recorded May 20, 1996, Michael Manning transferred his undivided one-half interest for One Dollar—which was not paid—to Ms. Popiel, the daughter of Ms. Manning and Michael

---

[1] Michelle Popiel has also been known as Michelle Manning. For ease of reference, she will be referred to as Ms. Popiel in this Order.

Manning. (*Id.* at 1–2). The transfer was made during a time when Michael Manning and his company, Manning Tronics, Inc., were being sued by Doris N. Ware in Civil Action No. ST-91-CV-129 in the State Court of Clark County, Georgia ("First Ware Action"). (*Id.* at 2). In May 1993, the First Ware Action was resolved by a consent judgment. However, Michael Manning and Manning Tronics defaulted under the terms of the consent judgment. (*Id.*)

In 1999 Doris Ware filed a second lawsuit against Michael Manning and Ms. Popiel in Civil Action No. ST-99-CV-0564 in the State Court of Clark County, Georgia ("Second Ware Action") in which Ware obtained a jury verdict finding that Michael Manning's transfer of the Property to Ms. Popiel was a fraudulent transfer, although the transfer was not set aside. (*Id.* at 4). On July 22, 2002, a judgment was entered in the Second Ware Action against Michael Manning and Ms. Popiel for $7,530 for fraudulent conveyance and $21,182 in attorney fees for a total judgment of $28,712. Additionally, Doris Ware was awarded punitive damages against only Michael Manning in the amount of $4,000. (*Id.*)

On January 23, 2003, Doria Ware, through her attorney, filed two Writs of Fieri Facias ("FiFa") in the State Court of Clark County, Georgia. The first against Michael Manning and Ms. Popiel in the amount of $28,712, and the second against only Michael Manning in the amount of $4,000. (*Id.*; *see also* Docs. 30-10, 30-11). On January 27, 2003, Ms. Manning and Ms. Popiel refinanced the Property and used a portion of the proceeds to pay off the FiFa for $28,712, which was stamped as "SATISFIED OF RECORD" and cancelled on February 28, 2003. (Doc. 46 at 5, Doc. 30-10). The $4,000 punitive damages judgment against Michael Manning was not paid. (Doc. 46 at 5).

At the time they refinanced the Property, Ms. Manning and Ms. Popiel purchased title insurance policy number B530008786 ("Policy") issued by Commonwealth that insured their Property, and which Policy and Property are the subject of the litigation in this Court. (*Id.*) The terms of the Policy excluded *inter alia* "[r]isks which result in no loss to [the policy owners]" and "[r]isks that are created, allowed or agreed to by [the policy owner]." (*Id.*) In addition, the Policy states that the policy owner "is not insured against loss, costs, attorneys' fees and expenses resulting from [f]ailure to pay value for [the] title." (*Id.*)

In Summer 2003, Frank Sinkwich, Jr., entered into a contract with Ms. Manning and Ms. Popiel to purchase the Property. However, on August 4, 2003, Mr. Sinkwich terminated

his agreement to purchase the Property because marketable title could not be obtained due to certain judgment liens existing against the property. (*Id.* at 5–6). Ms. Manning made a claim against the Commonwealth Policy which was declined. (*Id.* at 6).

## II.    PROCEDURAL BACKGROUND

Plaintiff commenced the above-captioned action on September 14, 2004, by filing a Complaint (Doc. 1-2) against Commonwealth in the Superior Court of Thomas County, Georgia. The Complaint sought to enforce Plaintiffs' alleged rights as insureds under the Policy. According to Plaintiffs, the Policy insured Plaintiffs' title to the Property against a number of risks, including adverse liens and claims which affect the title to the Property. Plaintiffs alleged that Commonwealth was responsible for Mr. Sinkwich's failure to close the sales transaction for the Property because Commonwealth refused to issue a title insurance policy with respect to the Property.

On October 22, 2004, Commonwealth filed a Notice of Removal, pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction (Doc. 1). On September 29, 2006, the Final Order was entered granting summary judgment to Commonwealth based on the Court's findings that (1) at the time the Final Order was entered, there were no liens located on the Property, and (2) to the extent an alleged defect was created by Plaintiffs, coverage was barred by the terms of the Policy with Commonwealth. (Doc. 46 at 10). The Court granted Commonwealth's motion for summary judgment, entered judgment in its favor and against Plaintiffs, and ordered that Commonwealth recover costs. (*See* Doc. 47). Plaintiffs appealed the Court's Final Order, and on April 20, 2007, the Eleventh Circuit affirmed the Court's decision. (*See* Docs. 48, 54). This case was closed as of September 29, 2006. On May 7, 2025, over eighteen and a half years later, Plaintiffs filed the instant Motion for Relief in which they argue the Final Order is void based on alleged fraud on the Court committed by Commonwealth.

## III.    STANDARD OF REVIEW

### A.  Motion to Reconsider

"Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration." *Overstreet v. Worth Cnty.*, No. 1:20-CV-95, 2021 WL 6128737, at *2 (M.D. Ga. Nov. 15, 2021). Under Rule 59, a party may file a "motion to alter or amend a judgment" within twenty-eight

3

days of judgment. Fed. R. Civ. P. 59(e). As noted above, Plaintiffs' Motion for Relief was filed over eighteen and a half years after the Final Order. Thus, they brought their motion under Rule 60(b), which provides that district courts may "relieve a party of a final judgment or order" for six reasons—one of which, as relevant here, is for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). In addition, Plaintiffs allege fraud on the court, which, although Plaintiffs do not cite the specific rule, may be brought under Rule 60(d)(3). The Court considers the timeliness of Plaintiffs' Motion for Relief under Rule 60(b)(3) and (d)(3) below.[2]

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Nor can parties use "motions for reconsideration to relitigate old matters or to present evidence that could have been introduced before judgment." *Overstreet*, 2021 WL 6128737, at *2 (internal quotation marks omitted).

### B. *Pro Se* **Parties**

Courts in the Eleventh Circuit "liberally read briefs filed by *pro se* litigants." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009) (per curiam) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"). However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs.*, 132 F.3d at 1369 (citation omitted). Nor does it require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow."

---

[2] *See infra* Part V.

*Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at \*3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs.*, 132 F.3d at 1369).

## IV.   MOTION FOR RELIEF

The content of the Motion for Relief is mostly nonsensical. As best the Court can tell, Plaintiffs' claims of fraud and/or fraud on the court rest on their allegations that Doris N. Ware, the plaintiff referenced in the First and Second Ware Actions died on or about June 2, 2002. Plaintiffs allege they were unaware of Ms. Ware's death until December 18, 2024. They allege, however, that Commonwealth "relied on" the "fraud caused by Doris Ware." (Doc. 55 at 2). Presumably, the "fraud" Plaintiffs allege is that the judgment in the Second Ware Action was not entered until July 22, 2002, and the FiFa were not recorded until January 23, 2003—both of which occurred after the alleged death of Ms. Ware. Even assuming Plaintiffs are correct that Ms. Ware died on June 2, 2022, they do not provide any details as to how Commonwealth, not a party to the Ware litigation in state court, was aware of such information, or how Commonwealth allegedly relied on such information to obtain a judgment in its favor in this Court. Based on the Record before the Court and as explained below, Plaintiffs are not entitled to relief from the Final Order.

## V.   ANALYSIS

### A.   Federal Rule of Civil Procedure 60(b)(3)—Fraud

Plaintiffs seek relief under Rule 60(b)(3) which permits a court to relieve a party of a final judgment, order, or proceeding for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(c) provides that "[a] motion under Rule 60*(b)* must be made within a reasonable time—and for reason[] . . . (3) [fraud, misrepresentation, or misconduct by an opposing party,] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Here, the Motion for Relief was filed more than eighteen years after the Final Order. "Because more than one year passed between the entry of the original judgment and the filing of the instant case, the plaintiff cannot seek relief under Rule 60(b)(3)." *Travelers Indem. Co. v.*

5

*Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam). *Pro se* parties are required to comply with procedural rules. *GJR Invs.*, 132 F.3d at 1369. Accordingly, Plaintiffs are not entitled to relief from the Final Order under Rule 60(b)(3).

### B. Federal Rule of Civil Procedure 60(d)(3)—Fraud on the Court

Rule 60(d), relating to other powers of the court to grant relief, provides: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(1), (3). Rule 60(c)(1) which specifically relates to the time limits for filing a motion under Rule 60(b)(1)–(6), does not, by its own terms, apply to a motion for relief brought pursuant to Rule 60(d)(3). Unlike motions for relief based on fraud filed under Rule 60(b)(3), there is not a time limit for an action for relief from judgment based on fraud on the court brought under Rule 60(d)(3). *Dausuel v. Dausuel*, 195 F.2d 774, 775 (D.C. Cir. 1952) (finding a "[c]ourt may at any time set aside judgment for after-discovered fraud upon the court[,]" and "Rule 60(b) [the relevant part of which is now 60(d)(3)][3] . . . expressly does not limit the power of a court to entertain an action for that purpose.") (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944), *departed from on other grounds by Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976)). Even before Rule 60 was adopted, the Supreme Court, in reviewing a judgment entered nine years earlier, determined that certain instances of fraud on

---

[3] Prior to December 1, 2007, Rule 60(b) provided:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding*, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, *or to set aside a judgment for fraud upon the court. . . .*

Fed. R. Civ. P. (West 2007) (emphasis added). As seen, Rule 60(b)(1)–(6), Rule 60(c)(1)–(2), and 60(d)(1)–(3) were all included in Rule 60(b). Fed. R. Civ. P. 60 (West 2008). The Rule was amended effective December 1, 2007, to separate the provisions as they now appear. Fed. R. Civ. P. 60 (West 2008).

the court were not time barred by the then-applicable general rule that judgments could not be set aside after the expiration of the term at which the judgments were finally entered.[4] *See Hazel-Atlas*, 322 at 244; *see also Henry v. City of Mount Dora*, No. 21-14120, 2022 WL 4282253, at *2 (11th Cir. Sept. 16, 2022) (per curiam) (stating "Rule 60 does not limit a court's power to set aside a judgment for fraud on the court." (citing Fed. R. Civ. P 60(d)(3)). In *Hazel-Atlas*, the Supreme Court found the circumstances under which a judgment could be set aside for fraud on the court included: (1) "a deliberately planned and carefully executed scheme to defraud . . . the Circuit Court of Appeals[;]" (2) those deemed "sufficiently gross to demand a departure from rigid adherence" to a rule limiting review; (3) those "where enforcement of the judgment is manifestly unconscionable[;]" and (4) those "where the matter does not concern only private parties." *Id.* at 244–45 (citations and internal quotation marks omitted).

More recent cases are consistent with *Hazel-Atlas* in determining the circumstances courts should consider before setting aside a final judgment based on alleged fraud on the court. A movant seeking relief under Rule 60(d)(3) "must establish by clear and convincing evidence, among other things, 'fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense.'" *Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010) (per curiam) (quoting *Travelers*, 761 F.2d at 1551). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Id.* (alteration in original) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).[5] "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Rozier*, 573 F.2d at 1338. "An action for fraud upon the court should be available only to 'prevent a grave miscarriage of justice.'" *Galatolo*, 394 F. App'x at 672 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)); *see also Imperato v. Hartford Ins. Co.*, No. 21-12345, 2022 WL 2079838, at *1 (11th Cir. June 9, 2022) (per curiam) (stating "[f]raud on the court is a narrow doctrine that embraces

---

[4] *See infra* n.6 & accompanying text.

[5] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

only that species of fraud which does or attempts to defile the court itself or is perpetrated by officers of the court. Issues of perjury and fabricated evidence do not constitute fraud on the court." (citations omitted)). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 284–85 (11th Cir. 1987) (alteration adopted) (internal quotation marks omitted).

There are numerous problems with Plaintiffs' Motion for Relief. First, Ms. Ware, whether dead or alive, when the judgment was entered in the Second Ware Action, was not a party to the action in this Court. She appeared only in the state actions. The case before this Court was between Plaintiffs and Commonwealth regarding whether Plaintiffs' alleged loss was covered under the Policy—it was not a challenge to the previous underlying state court judgment finding that the transfer of the Property from Michael Ware to Ms. Popiel was fraudulent. Therefore, Plaintiffs have shown nothing to identify or suggest a claim for fraud on *this* Court regarding a person not a party or participant in this case. This Court did not render the judgment in favor of Ms. Ware in the Second Ware Action. The State Court of Clark County, Georgia, entered the judgment based on the jury's verdict. Further, the Record is devoid of information as to whether Ms. Ware's administrator or executor was substituted as a party in the Second Ware Action. The same is true as to the FiFa's that were filed based on the judgment rendered in the Second Ware Action.

To the extent Plaintiffs base their assertion of fraud on this Court on their allegation that Commonwealth was aware of Ms. Ware's death, the Motion for Relief is totally void of any facts showing that Commonwealth had such knowledge, let alone how it used it to its benefit in a way that constituted fraud on this Court. *See Booker*, 825 F.2d 284––85 (conclusory allegations of fraud are insufficient). As noted above, on February 28, 2003, Plaintiffs' satisfied the FiFa against Michael Manning and Ms. Popiel by paying a portion of the judgment owed to Ms. Ware in the amount of $28,712. This payment was made approximately eight months after Ms. Ware's alleged death. Yet, Plaintiffs state they were unaware of Ms. Ware's death until December 18, 2024. There is nothing in the Record explaining why they did not become aware of Ms. Ware's death at the time they made arrangements to pay her $28,712. Even if

8

Commonwealth believed Ms. Ware died on June 2, 2002, Plaintiffs fail to explain how this Court's knowledge of her death would have impacted its decision in a case in which Ms. Ware was not involved or in any way would invalidate the Final Order of this Court.

### C.   Law of the Case

Plaintiffs have already appealed the Final Order, and the Eleventh Circuit affirmed the Court's decision.[6]

> Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case. This doctrine bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding. Exceptions to this doctrine apply when substantially different evidence is produced, when there has been a change in controlling authority, or when the prior decision was clearly erroneous and would result in manifest injustice.

*Williams v. GEO Grp., Inc.*, No. 23-11921, 2025 WL 327334, at *2 (11th Cir. Jan. 29, 2025) (per curiam) (citations and internal quotation marks omitted). Plaintiffs have not provided a basis on which this Court should reconsider its Final Order that has been affirmed by the Eleventh Circuit. The Final Order has been the law of this case for more than nineteen years. As noted above, Plaintiffs have provided no basis on which the Court could or should reconsider its decision as set out in the Final Order as affirmed by the Eleventh Circuit.

### D. Service

Commonwealth did not file a response to the Motion for Relief. However, it is questionable whether Plaintiffs properly served their Motion on Commonwealth. *Bank of U.S. v. Moss*, 47 U.S. 31, 39 (1848) (finding "judgments entered up by fraud may, perhaps, on due notice, . . . be vacated at a subsequent term by the same court, or if offered in evidence be deemed a nullity, should fraud be clearly proved to have taken place"). The only information in the Record regarding the method of service is Ms. Manning's Certificate of Service reflecting

---

[6] The "appellate-leave requirement" previously required appellate leave before a district court could reopen a case which had been reviewed on appeal. However, in *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976), the Supreme Court found that such requirement "adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts." The Supreme Court stated, "[w]e see no reason to continue the existence of this unnecessary and undesirable clog on the proceedings." *Id.* at 19 (internal quotation marks omitted) (denying as moot movant's motion to set aside Supreme Court's judgment summarily affirming district court order which movant was seeking to set aside under Rule 60 for alleged misconduct of Government counsel and of a material witness).

a copy of the Motion was sent via U.S. Mail to Commonwealth at 13710 First National Bank Pkwy., Suite 200, Omaha, NE 68154. Federal Rule of Civil Procedure 5(b)(1) requires that "[i]f a party is represented by an attorney, service . . . must be made on the attorney unless the court orders service on the party." Commonwealth was represented by counsel in this matter and there is nothing in the Record indicating that Plaintiffs requested or that the Court ordered service on Commonwealth. As noted, this case has been closed for over eighteen years.

To ensure service after such a lengthy time, the Court could require Plaintiffs to serve Commonwealth's attorney of record as well as serve the Motion for Relief in accordance with Federal Rule of Civil Procedure 4. However, based on the Court decision finding that the Motion for Relief should be denied, and the case reclosed, such step would merely unnecessarily delay resolution of this case. Certainly, under general rules of due process, had the Court determined otherwise, it would be incumbent upon the Court to ensure Commonwealth was properly served. The Court sees nothing in Plaintiffs' Motion for Relief that would require the Court to grant Plaintiffs relief on any other ground.

## VI.    CONCLUSION

Accordingly, Plaintiffs' "Demand Relief from Judgment Pursuant to Rule 60(b), But Not Limited To" (Doc. 55) is **DENIED**. To the extent the case was reopened, the Clerk is **DIRECTED** to reclose this case. In addition to the Court's usual process for serving orders, the Clerk is further **DIRECTED** to forward a copy of this Order by U.S. Mail to Commonwealth's counsel of record.

**SO ORDERED**, this 6th day of February 2026.

/s/W.  Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**